# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 120 | **DATE** | 6/12/2002 |
| **CASE TITLE** | D'Amico, et al. vs. Building Material, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 8/7/02 at 11:00AM.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court denies defendants' motion to dismiss Counts I-V and grants defendants' motion to dismiss Count VI without prejudice. Case referred to Magistrate Judge for all discovery.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | 6/18/02 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | | |
| | | | mailing deputy initials | | |

ANTHONY D'AMICO AND ANTHONY )
ANDRICH, )
 )
    Plaintiffs, )
 )
    v. ) 02 C 0120
 ) Judge George M. Marovich
BUILDING MATERIAL, LUMBER, BOX, )
SHAVING, ROOFING AND INSULATING )
CHAUFFEURS, TEAMSTERS, )
WAREHOUSEMEN AND HELPERS, AND )
RELATED INDUSTRY EMPLOYEES )
WATCHMEN AND SECURITY GUARDS )
LOCAL UNION NUMBER 786, )
AFFILIATED WITH THE )
INTERNATIONAL BROTHERHOOD OF )
TEAMSTERS; LOU MAZZEI; ALAN )
YURGIL; MAUREEN FURIO-DUGAN; )
EDWARD RIZZO; EUGENE MCCARTHY; )
MICHAEL YAUGER; AND JAMES )
VRANKOVICH; )
 )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Anthony D'Amico ("D'Amico") and Anthony Andrich ("Andrich")(collectively "Plaintiffs") filed a six-count Complaint against Building Material, Lumber, Box, Shaving, Roofing and Insulating, Chauffeurs, Teamsters, Warehousemen and Helpers and Industry Related Employees, Watchmen and Security Guards Local Union Number 786 ("Local 786"), affiliated with the International Brotherhood of Teamsters; Lou Mazzei ("Mazzei"); Alan Yurgil; Maureen Furio-Dugan; Edward Rizzo; Eugene McCarthy; Michael Yauger; and James Vrankovich (collectively "Defendants") alleging breach of contract of the International Brotherhood of

Teamsters ("IBT") Constitution pursuant to § 301 of Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("§ 301")(Count I); violation of § 101(a)(2) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §411(a)(1) ("§ 101 (a)(2)"), regarding equal rights and free speech (Count II); violation of the Teamster's Constitution and Local 786 By-Laws regarding due process pursuant to Section 101(a)(5) of the LMRDA ("§ 101(a)(5)")(Count III); violation of Article XIX Section 1(a) of the IBT Constitution regarding unfair hearing practices pursuant to § 301 of the LMRA, 29 U.S.C. § 185 (Count IV); and state law claims of tortious interference with a business relationship (Count V) and wrongful discharge (Count VI). Defendants moved to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth below, the Court grants in part and denies in part Defendants' Motion to Dismiss.

BACKGROUND

The Complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). Plaintiffs were both members of Local 786. Additionally, D'Amico was employed by Local 786 as a Trustee elected by membership and Andrich was employed by Local 786 as a Vice-President elected by membership. In or around November 1996, Local 786 and Mazzei suspended Plaintiffs from their positions. On or around December 6, 1996, Mazzei filed

2

internal union charges against Plaintiffs alleging violations of Article XIX, Section 7(b)(9) of the IBT Constitution.

On or about January 5, 1997, Plaintiffs criticized Mazzei's leadership and activities concerning the union, and offered testimony concerning violations of the IBT's Constitution and the bylaws of Local 786 concerning election misconduct by Mazzei and his agents. Furthermore, Plaintiffs were outspoken about Mazzei and Local 786's handling of the investigation and prosecution of Walter Hoff and their failure to seek back monies owed to Local 786 by Walter Hoff, or those with whom he improperly dealt to Local 786's detriment.

On or about January 6, 1997, a hearing was held before a Trial Board on the internal union charges brought by Mazzei. The Trial Board consisted of Defendants Alan Yurgil, Maureen Furio-Dugan, Edward Rizzo, Eugene McCarthy, Michael Yauger and James Vrankovich, who were officers, agents, shop stewards, and other representatives of Local 786. On or about January 10, 1997, the Trial Board issued its decision sustaining the charges brought by Mazzei and ordering that Plaintiffs be removed from their offices, stripped of their membership and discharged as employees of Local 786. Plaintiffs appealed the Trial Board's Decision through the internal union appeal procedure contained in XIX of the IBT Constitution. At the International Union Convention held June 25-29, 2001, the delegates voted to

3

dismiss the charges and overturn the decision of the Trial Board. However, Defendants Local 786 and Mazzei have refused to reinstate Plaintiffs to their former positions, restore their membership rights and make them whole for the losses that they have suffered.

## DISCUSSION

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiffs, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that plaintiffs can prove no set of facts in support of a claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

I.  Section 301 Claims

The Plaintiffs bring Counts I and IV under Section 301 of the Labor Management Reporting Act ("LMRA"), 29 U.S.C. § 185 ("§ 301"). The LMRA contains no statute of limitation for § 301. Where there is no federal statute of limitation, courts typically borrow the most closely analogous state law. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 158-59 (1983). Defendants argue that, instead of looking to analogous state law, the Court should apply the six-month statute of limitations prescribed in § 10(b) of the National Labor Relations Act ("NLRB"), 29 U.S.C. § 160(b), as was once applied by the United States Supreme Court. Id. at 169-72  In DelCostello, the Supreme Court

4

limited its application of the six-month statute of limitations from § 10(b) of the NLRB to "hybrid" § 301 breach of collective bargaining agreement/fair representation claims. Id. This Complaint does not include a § 301 fair representation claim and therefore, it is not a hybrid claim nor does the six-month statute of limitation apply.[1]

Thus, it is necessary to turn to state law to borrow the most closely analogous statute of limitations. Under the Illinois Code of Civil Procedure, the applicable statute of limitations for a written contract is 10 years. 735 Illinois Comp. Stat. 5/13-206 (West 1994). The statute of limitation begins to run when "the futility of further union appeal became apparent or should have been apparent." Scott v. Local 863 International Brotherhood of Teamsters, 725 F.2d 226, 229 (3d Cir. 1984). Therefore, in this case, the statute of limitations was tolled until June 2001, at which time the final decision of the International Union Convention was rendered and no further union appeals were possible on this issue. Since the Plaintiffs filed the

---

[1] While it might be argued that Count III for violation of due process should be treated similarly to unfair representation for the purposes of creating a "hybrid" claim. However, we concur with our sister court that by following the rationale of United States Supreme Court in Reed v. United Transp. Union, 488 U.S. 319 (1989) § 101(1)(5) claims, unlike unfair representation claims, are governed by Illinois's 2-year statute of limitations for personal injury. English v. Siddens, 751 F. Supp. 1343, 1346 (C.D. Ill. 1990) rev'd on other grounds, 969 F.2d 465 (7th Cir. 1992)(citing Reed, 488 U.S. at 334).

5

Complaint in January 2002, they are within the ten-year statute of limitations. For these reasons, the motion to dismiss Counts I and IV of Plaintiffs' Complaint is denied.

II. <u>LMRDA Claims</u>

Initially, Defendants aver that Plaintiffs' LMRDA claims are moot in light of the appellate decision vacating the charges and restoring Plaintiffs to membership. However, Plaintiffs allege in their Complaint that Defendants have not fully abided by the appellate order because they have not been reinstated to their prior positions. Taking Plaintiffs' claims in their Complaint as true, Defendants were required to, but failed to, reinstate the Plaintiffs as per the order.

In addition, Defendants state that Plaintiffs fail to allege that "any fact exist[s] that purports to describe a nexus between D'Amico's speech and the charges against him." Defs' Motion to Dismiss, p. 6. However, under the liberal notice pleading standards of the Federal Rules of Civil Procedure, Plaintiffs need only plead "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993). Plaintiffs have met this burden of giving fair notice to Defendants of what they are claiming by alleging that Defendants unlawfully retaliated against Plaintiffs after Plaintiffs elected to exercise their right to free

6

speech, and as a result, the Plaintiffs have suffered damages. Hence, Defendants' Motion to Dismiss Count II and III is denied.

III. State Claims

Plaintiffs set forth in their Complaint a claim for Tortious Interference with a Business Relationship (Count V). Plaintiffs have successfully alleged facts to meet the necessary elements: (1) they had a reasonable expectation of continuing in a valid business relationship; (2) the union had knowledge of plaintiffs' expectancy; (3) the union purposefully interfered with plaintiffs' expectancy causing the termination of the business relationship; and (4) plaintiffs suffered damages as a result of such interference. Fellhauer v. City of Geneva, 568 N.E.2d 870, 877 (1991). However, Defendants state that this claim is pre-empted by federal law. A tortious interference claim is not pre-empted by federal law when it does not require interpretation of the collective bargaining agreement. Lingle v. Norge Division Magic Chef, Inc., 486 U.S. 399 (1988). Because it is not clear that interpretation of the collective bargaining agreement will be necessary, the motion to dismiss this count is denied.

Additionally, Defendants state that the statute of limitations has run for this claim. Tortious interference with a business relationship has a five-year statute of limitations. 735 Ill. Comp. Stat. 5/13-205. The statute of limitations "starts to run when a person knows or reasonably

7

should know of his injury and also knows or reasonably should know that it was wrongfully caused." <u>Knox College v. Celotex Corp.</u>, 430 N.E.2d 976, 979 (Ill. 1982). Therefore, claims of tortious interference accrue on the date of the alleged act of interference. <u>Meyer v. ERJ, Inc.</u>, 1997 WL 158354, *6 (N.D. Ill. 1997). Here, interference occurred at the time of the formal firing at the January 6, 1997 hearing. That left Plaintiffs until January 6, 2002 to file their Complaint. Because they filed the Complaint on January 4, 2002, the claim was within the five-year statute of limitations.

Furthermore, Plaintiffs set forth in their Complaint a claim for Wrongful Discharge (Count VI). However, it appears that the Plaintiffs have abandoned the title of wrongful discharge. Unfortunately, it is not clear in Plaintiffs' Complaint or brief whether Plaintiffs are attempting to plead a breach of contract action or a retaliatory discharge action. Therefore, because Plaintiffs have failed to set forth a viable claim under Illinois law, this claim is dismissed without prejudice.

CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion to dismiss Counts I-V and grants Defendants' motion to dismiss Count VI without prejudice.[2]

ENTER:

George M. Marovich
United States District Judge

DATED: June 12, 2002

---

[2] Plaintiffs have filed a Motion to Strike all Defendants' Affidavits and Exhibits attached to Defendants' Motion to Dismiss on the basis that none of these affidavits and exhibits were attached to the Complaint nor referred to therein. However, because the Court did not rely on any of these exhibits in reaching its decision, Plaintiffs' motion is denied as moot.

9